**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| Roberta Richardson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-2195 |
| | ) | |
| Americollect, LLC, a Wisconsin limited liability company, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Roberta Richardson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) Plaintiff resides here; b) part of the acts and transactions occurred here; and c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Roberta Richardson ("Richardson"), is citizen of the State of Wisconsin from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services to Dental Associates.

4. Defendant, Americollect, LLC ("Americollect"), is a Wisconsin limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, and/or the telephone to collect, or attempt to

collect, defaulted consumer debts. Defendant Americollect operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Wisconsin. In fact, Defendant Americollect was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Americollect is authorized to conduct business in the State of Wisconsin and maintains a registered agent here, see, record from the Wisconsin Secretary of State, attached as Exhibit A. In fact, Defendant Americollect conducts business in Wisconsin.

**FACTUAL ALLEGATIONS**

6. Due to financial difficulties, Ms. Richardson, a disabled woman, was unable to pay her debts, including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed for medical services to Dental Associates. Sometime after this debt went into default, it was allegedly obtained by Defendant, which then attempted to collect the debt by sending her a collection letter, dated August 11, 2025, regarding payment of the debt. A copy of this collection letter is attached as Exhibit B.

7. Accordingly, on September 30, 2026, Ms. Richardson had her attorney at Legal Advocates for Seniors and People with Disabilities ("LASPD") write to Defendant to inform it that she was represented by counsel, and that collection action and collection communications had to cease. A copy of this email letter and proof that it was received and reviewed by Defendant are attached as Exhibit C.

8. Undeterred, Defendant directly called Ms. Richardson on November 12, 2026, from telephone number 757-260-5417, and on November 24, 2026 from telephone number 910-240-9644, regarding payment of the debt.

9. As a result of the Defendant's continued collection actions, Ms. Richardson had to take time and effort to get the collection phone call information to her attorney, as well as the expense (about $280) to hire another attorney to re-assert her right to have collection actions and collection communications cease. A copy of this letter is attached as Exhibit D.

## ARTICLE III STANDING

10. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "Abusive Practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a) (Abusive Practices)(emphasis added).

11. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c), while § 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer who the debt collector knows is represented by counsel, see, 15 U.S.C. § 1692c(a)(2).

12. Defendant's continued direct collection actions invaded Plaintiff's right to counsel, and intruded upon her seclusion; Defendant's actions were a direct invasion of Ms. Richardson's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Six v. IQ Data International, 129 F.4th 630 (9th Cir. 2025); Lupia v. Medicredit, 8 F.4th 1184 (10th Cir. 2021); and Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

13. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Richardson, invaded her right to privacy/seclusion and her right to be represented by counsel as to her debts, and caused her to have to take her time and effort, as well as expense, to reassert her right to be left alone, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir. 2023); and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications and Cease Collections**

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Richardson's attorney at LASPD told Defendant to cease communications and cease collections. By continuing to demand payment of this debt by directly calling Ms. Richardson, Defendant violated § 1692c(c) of the FDCPA.

17. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With a Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

20. Defendant knew that Ms. Richardson was represented by counsel in connection with this debt because her attorneys at LASPD sent Defendant a letter, informing it in writing, that she was represented by counsel, and directing Defendant to cease directly communicating with her. By directly calling her, despite knowing that she was represented by attorneys, Defendant violated § 1692c(a)(2) of the FDCPA.

21. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692d Of The FDCPA –**
**Abusive Collection Actions**

22. Plaintiff adopts and realleges ¶¶ 1-13.

23. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any

person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

24. Directly calling Ms. Richardson, knowing that she had refused to pay the debt and was represented by counsel as to the debt, as is her right under the FDCPA, is conduct, the natural consequence of which, harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

25. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Roberta Richardson, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Roberta Richardson, demands trial by jury.

Roberta Richardson,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 25, 2026

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com